UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

TRACY PETERS,                           )
                                        )
            Petitioner,                 )
    vs.                                 )      2:10-cv-001-WTL-TAB
                                        )
HELEN MARBERRY,                         )
                                        )
            Respondent.                 )

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Peters is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction entered in the Eastern District of Wisconsin. *See United States v. Peters,* 236 Fed. Appx. 217, 218 (7th Cir. 2007)(direct appeal) (unpublished); *Peters v. United States,* 2008 WL 4186172 (E.D.Wis. 2008)(denial of motion for relief pursuant to 28 U.S.C. § 2255)(unpublished).

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). According to § 2255(e), however, a federal prisoner may use § 2241 to contest his conviction or sentence only when "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."*In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

Peters seeks habeas corpus relief based on his contentions that 1) the trial court lacked subject matter jurisdiction, 2) his trial counsel was constitutionally ineffective, and 3) the prosecutor and the trial judge were guilty of misconduct.

Despite Peters being physically present in this District, he is not entitled to proceed with his habeas claim. *See Jiminian v. Nash,* 245 F.3d 144, 147-48 (2d Cir. 2001) (§ 2241 relief not available because petitioner could have raised claim on direct appeal or in prior § 2255 attack, thus § 2255 remedy not inadequate or ineffective); *Longbehn v. United*

*States,* 169 F.3d 1082, 1083 (7th Cir. 1999) (same). There is no feature about his claims suggesting that a remedy via § 2255 has been inadequate or ineffective to test the legality of his detention. His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue

**IT IS SO ORDERED.**

Date: 05/20/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana